**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **KEEHFUS LIMITED PARTNERSHIP,** **KEEHFUS HOLDING CO., LLC, and** **GARY L. KEEHFUS,** | 1:06-CV-0987 (GLS/DRH) |
| Plaintiffs, | |
| v. | |
| **FROMKIN ENERGY, LLC, and LEWIS** **FROMKIN,** | |
| Defendants. | |

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| TABNER, RYAN LAW FIRM 18 Corporate Woods Boulevard Albany, New York 12211-2605 | BENJAMIN F. NEIDL, ESQ. |
| **FOR THE DEFENDANTS:** | |
| RUDEN, MCCLOSKY LAW FIRM 222 Lakeview Avenue Suite 800 West Palm Beach, Florida 33401 | JON L. SWERGOLD, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

On August 14, 2006, plaintiffs commenced this action against defendants alleging a violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j), and other violations of State contract and tort law. *See Dkt. No. 1.* Currently pending is defendants' motion to dismiss, which seeks to dismiss the State law claims based on plaintiffs' lack of standing and plaintiffs' failure to state viable claims under the alleged tort and contract theories. *See Dkt. No. 15.*

Among other things, the parties disagree as to whether the court should apply Florida law or New York law in analyzing the viability of plaintiffs' State law claims. Although both parties have addressed the choice of law issue in a cursory fashion, they have failed to apply the proper test.[1] *See GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006).

While defendants' motion seeks to dismiss many of plaintiffs' claims, it is not dispositive of the entire lawsuit. At this juncture, the court declines to address the merits of defendants' motion to dismiss without a more comprehensive briefing by the parties on the choice of law issue.

---

[1] Under New York law, there are two different "choice-of-law analyses, one for contract claims, another for tort claims." *GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006).

2

Since the parties have not fully briefed the court on the applicable law, and in any event, the action survives, the court declines to address defendants' motion. Accordingly, defendants' motion to dismiss is denied with leave to renew at a later time.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss is **DENIED with leave to renew at a later time**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

January 24, 2007
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge